```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**STATE OF KANSAS, et al.,**

                    **Plaintiffs,**

                                              CIVIL ACTION
        **vs.**                                           No. 06-3120-SAC

**CRAIG I. GILBERT,**            **Defendant.**

### ORDER

Before the court is a notice of removal filed by a defendant in a pending criminal action in the Ellsworth County District Court in Ellsworth, Kansas.[1] Gilbert appears to be facing prosecution in a state criminal case (Saline County Case NO. 98-CR-1638), and cites the revocation of his bond and his confinement for determination of

---

[1] Gilbert also submitted an affidavit of poverty which the court liberally construes as plaintiff's request for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Gilbert's litigation history in federal court renders him subject to the "3-strike" provision in 28 U.S.C. § 1915(g), whereby Gilbert must pay the full district court filing fee in any *civil* action or appeal submitted while he is a prisoner. *See* 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

    Because Gilbert is attempting to remove a state *criminal* action to federal court, the 3-strike provision in § 1915(g) arguably does not apply. Having reviewed Gilbert's limited financial resources, the court grants Gilbert's motion.

his mental competency to stand trial. Gilbert broadly claims Kansas officials, including state and appellate judges, have breached their duty to protect his constitutional rights, and contends he is being denied equal access to a fair and unbiased state tribunal.

The procedure for removal of a state criminal matter to a federal court is controlled by 28 U.S.C. § 1446 which provides in relevant part that

> A defendant ... desiring to remove any ... criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action.

28 U.S.C. § 1446(a).

The notice of removal must include all grounds for removal, and must be filed within 30 days of a defendant's arraignment in the state court, or any time before his trial, whichever is earlier. 28 U.S.C. § 1446(c)(1)and (2). The filing of a notice of removal of a criminal prosecution does not prevent the state court from proceeding in the criminal action, but does prevent the state court from entering a judgment of conviction if the prosecution has not been remanded to the state courts. 28 U.S.C. § 1446(c)(3).

This court is to promptly examine any notice of removal filed from a state criminal prosecution. 28 U.S.C. § 1446(c)(4). Summary remand is to be ordered if it "clearly appears on the face of the

notice and any exhibits annexed thereto that removal should not be permitted." Id.  Otherwise, a prompt evidentiary hearing is to be ordered and conducted to determine if removal is to be permitted. 28 U.S.C. § 1446(c)(5).

Having reviewed the materials submitted by defendant Gilbert in this matter, the court finds summary remand of the criminal prosecution to the state courts is warranted.

Removal of state-court civil or criminal actions to federal court is limited to actions against federal officers, 28 U.S.C. § 1442, members of the armed forces, 28 U.S.C. § 1442a, and defendants in certain civil rights actions, 28 U.S.C. § 1443.  The court finds none of these requirements are satisfied by a plain and liberal reading of Gilbert's pro se notice of removal.

To the extent Gilbert seeks relief from the federal courts to prevent the violation of his constitutional rights in his pending state criminal proceeding, relief in federal court lies in a petition for a writ of habeas corpus after first exhausting available state court remedies.  The summary remand entered herein reflects the court's considered opinion that removal to federal court is improper, that the state courts are fully capable of protecting Gilbert's constitutional rights.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Gilbert is granted leave to proceed in forma pauperis in seeking removal of his state criminal proceeding to federal court.

IT IS FURTHER ORDERED that this matter is remanded to the state courts.

IT IS FURTHER ORDERED that Gilbert's motion for release on a recognizance bond and for an order of transport (Doc. 3) is denied as moot.

Copies of this Order are to be mailed to Gilbert, and to the Clerk of the Saline County District Court.

**IT IS SO ORDERED.**

DATED:  This 2nd day of May 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge